IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO:

**PEGGY SCHWARTZ,**

   **Plaintiff,**

vs.

**S&J POTASHNICK
TRANSPORTATION, INC. AND
NANCY D. SUMMERS,**

   **Defendants.**

               /

## COMPLAINT

  Plaintiff, **PEGGY SCHWARTZ**, sues Defendants, **S&J POTASHNICK TRANSPORTATION, INC. AND NANCY D. SUMMERS,** and states the following:

  1. This is an action for damages that exceed One Hundred Thousand Dollars ($100,000.00), exclusive of costs, interest and attorneys' fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$100,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

  2. At all times material to this action, the Plaintiff ("Plaintiff") was a natural person residing in Orange County, Florida.

3. At all times material to this action, Defendant **S&J POTASHNICK TRANSPORTATION, INC.** ("Trucking Co.") was a Missouri For Profit Company authorized to do business and doing business in Orange County, Florida.

4. At all times material to this action, Defendant **NANCY D. SUMMERS** ("Truck Driver") was a natural person residing in Poplar Bluff, Butler County, Missouri.

5. Venue is proper in Orange County, Florida, since this is where the subject incident occurred.

### DEFENDANTS' ROLE IN THE TRANSPORTATION BUSINESS

6. At all times material hereto, Defendant Trucking Co. was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

7. In applying for and maintaining operating authority as a motor carrier, Defendant Trucking Co. certified to the USDOT that it would:

   a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

   b. Have in place a driver safety training/orientation program;

   c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

   d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

   e. Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

8. At the time of the crash, Defendant Trucking Co. was the registered owner of a Fleet Truck bearing Missouri Plate Number 322 4PG involved in this Crash.

9. At all relevant times, the Truck was a commercial motor vehicle as that term is defined in Chapter 316 of the Florida Statues, and it was being operated under the control and USDOT authority of Defendant Trucking Co.

10. At all relevant times, Defendant Truck Driver was a Class A licensed commercial vehicle operator driving the Truck in the course and scope of her agency with the Trucking Co.

## THE CRASH

11. On June 20, 2018, the Plaintiff was operating a motor vehicle stopped at the corner of North Orange Blossom Trail in Orlando, Orange County, Florida.

12. At that time and place, Defendant Truck Driver reversed into Plaintiff's motor vehicle.

13. At all relevant times, the Plaintiff was properly restrained and did not contribute in any way to the crash or her injuries.

14. Each defendant acted in a manner that either alone or combined with the actions of other Defendants' acts of negligence, directly and proximately caused the crash and the resulting injuries to the Plaintiff.

## PLAINTIFF'S DAMAGES

15. As a result of the crash, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are

permanent, and the Plaintiff will suffer the losses in the future. The Plaintiff's automobile was damaged, and she lost the use of it during the period required for its repair or replacement ("Plaintiff's Damages").

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT NANCY D. SUMMERS

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above.

17. Defendant Truck Driver had a duty to operate the Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

18. Defendant Truck Driver breached those duties and was therefore negligent, in one or more of, but not limited to, the following ways:

   a. failing to keep a proper lookout;

   b. driving carelessly in violation of Florida Statute §316.1925;

   c. driving the Truck while distracted;

   d. driving the Truck while fatigued;

   e. exceeding hours of service limitations in violation of 49 CFR 395.1(g)

   f. failing to maintain control of the Truck and improperly backing into Plaintiff;

   g. failing to take appropriate evasive action;

   h. failing to properly inspect the Truck in violation of 49 CFR §396.11;

   i. failing to maintain the Truck in proper repair in violation of 49 CFR §396.1; and/or,

   j. crashing into the Plaintiff's vehicle;

19. Defendant Truck Driver's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

20. Defendant Truck Driver's negligence directly and proximately caused the Plaintiff's Damages.

**COUNT II**
**NEGLIGENCE AGAINST DEFENDANT S&J POTASHNICK TRANSPORTATION, INC.**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, and 17 through 20 above.

22. Defendant Trucking Co. had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

23. Defendant Trucking Co. breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Defendant Truck Driver operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;

    b. Failing to properly train and instruct Defendant Truck Driver and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

    c. Failing to properly supervise Defendant Truck Driver and identify dangerous driving behavior that could have been corrected to avoid this crash;

    d. Failing to properly inspect and maintain the Truck in violation of 49 CFR §396.11and 49 CFR §396.1; and/or

24. Defendant Trucking Co.'s negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

25. Defendant Trucking Co.'s negligence directly and proximately caused the Plaintiff's Damages.

## COUNT III
## NEGLIGENT ENTRUSTMENT AGAINST S&J POTASHNICK TRANSPORTATION, INC.

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, 17 through 20 and 21 through 25 above.

27. Defendant Trucking Co. had a duty to avoid the foreseeable harm posed by entrusting the Truck to a dangerous and unqualified driver like Defendant Truck Driver.

28. Defendant Trucking Co. breached that duty and was therefore negligent, when it entrusted the Truck to Defendant Truck Driver despite her record of unsafe and negligent driving and unfitness to operate a commercial motor vehicle, which were or should have been known to Defendant Trucking Co.

29. Defendant Trucking Co.'s negligence directly and proximately caused the Plaintiff's Damages.

## COUNT IV
## STRICT LIABILITY AGAINST DEFENDANT S&J POTASHNICK TRANSPORTATION, INC.

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, 17 through 20, 21 through 25 and 26 through 29 above.

31. At the time of the crash, Defendant Truck Driver was operating the Truck, a dangerous instrumentality, with Defendant Trucking Co.'s permission.

32. Therefore, Defendant Trucking Co. is strictly liable for Defendant Truck Driver's negligence and the resulting Plaintiff's Damages.

## COUNT V
## VICARIOUS LIABILITY AGAINST DEFENDANT S&J POTASHNICK TRANSPORTATION, INC.

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, 17 through 20, 21 through 25, 26 through 29 and 31 through 32 above.

34. At all relevant times, Defendant Truck Driver was Defendant Trucking Co.'s statutory employee of, acting within the course and scope of her agency or employment with, and under the direct control and for the benefit of Defendant Trucking Co.

35. Therefore, Defendant Trucking Co. is vicariously liable for the negligent acts of Defendant Truck Driver.

**WHEREFORE**, Plaintiff, **PEGGY SCHWARTZ**, demands judgment for damages against Defendants, **S&J POTASHNICK TRANSPORTATION, INC.** and **NANCY D. SUMMERS** and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 12th day of February, 2021.

 */s/Lawrence Gonzalez II*
 **Lawrence Gonzalez II, Esquire**
 FBN 0107175
 **Morgan & Morgan, P.A.**
 20 N. Orange Ave., 16th Floor
 P.O. Box 4979
 Orlando, FL 32802-4979
 Telephone: (407) 418-2076
 Facsimile: (407) 572-0110
 Primary email: LGonzalez@forthepeople.com
 Secondary email: SSerrano@forthepeople.com

TSugrim@forthepeople.com  
MCalixto@forthepeople.com

Attorneys for Plaintiff